64 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BADER'S DUTCH BISCUIT CO., INC., a Washington corporation,
Plaintiff-Appellee,
v.
HEARTHSIDE BAKING CO., INC., doing business as Maurice
Lenell Cooking Company, an Illinois corporation,
Defendant-Appellant.
 No. 94-36048.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 19, 1995.
Decided Aug. 18, 1995.
 
 Before: FARRIS, NOONAN, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 We review a district court's grant of a preliminary injunction for abuse of discretion. Miller v. California Pacific Medical Center, 19 F.3d 449, 455 (9th Cir.1994) (en banc). Bader's Dutch Biscuit can protect its trade dress if it is nonfunctional, inherently distinctive, and the infringing product is confusingly similar. International Jensen v. Metrosound U.S.A., 4 F.3d 819, 823 (9th Cir.1993).
 
 
 3
 Hearthside argues that the district court committed a manifest error because Bader's Dutch Biscuit allegedly had not presented any evidence that the packaging is nonfunctional. We reject the argument. Bader's Dutch Biscuit was the first company to sell cookies in a four pack of tins. Further, "for the last two years, [Bader's Dutch Biscuit] had to work to convince the stores that that particular pack would sell." The record indicates that Sam's wanted a particular quantity of cookies to reach a "selling price." It does not demonstrate, however, that the four pack in this can size was a functional requirement. Nor does the record show that other stores require this four pack arrangement.
 
 
 4
 Second, Hearthside asserts that Bader's Dutch Biscuit's packaging is not inherently distinctive. Hearthside introduced evidence of other snack food companies that use either Victorian art, similar sized cans, or multiple product packages. The district court concluded that "no other cookie company sells cookies in tins of the size and configuration used by Bader's which are also decorated with Victorian art." This finding was not clearly erroneous. Miller, at 455 (reviewing for clearly erroneous findings of fact).
 
 
 5
 Finally, Hearthside argues that there is no likelihood of confusion. The district court considered the seven factors listed in Eclipse Assoc. Ltd. v. Data General Corp., 894 F.2d 114, 117-18 (9th Cir.1990). It found Bader's Dutch Biscuit's trade dress strong because its sales had increased dramatically and no other cookie manufacturer had a similar trade dress. It found that Hearthside's packaging is similar. Although a careful side-by-side comparison of Bader's Dutch Biscuit's trade dress reveals some slight differences, "the overall format of the designs is so similar that the differences are subsumed in the general similarity of appearance." The district court correctly concluded that cookie purchases are a "casual decision not involving lengthy consideration or comparison shopping." The companies are selling exactly the same type of shortbread cookies. The companies are seeking to sell their cookies through the same types of retail outlets, such as supermarkets, drug stores, and discount warehouses. Finally, the district court found evidence of Hearthside's intent to adopt the trade dress. There is no abuse of discretion.
 
 II.
 
 6
 Hearthside argues that the district court erroneously set a bond of only $10,000. It had requested a bond of $7 million, the value of its 700,000 tins affected by the preliminary injunction. The district court did not abuse its discretion. Hearthside ordered production and distribution of its 700,000 tins after Bader's Dutch Biscuit moved for a preliminary injunction. Instead of running the risk of an injunction, Hearthside could have ordered tins with a different trade dress. The $10,000 bond covers all Hearthside's expenses incurred before Bader's Dutch Biscuit filed this action.
 
 III.
 
 7
 Hearthside made slight modifications to its tin artwork in an attempt to avoid trade dress infringement. The district court concluded that "[Bader's Dutch Biscuit] still has a strong probability of success on the merits of its claim that [Hearthside's] trade dress as redesigned still infringes on [Bader's Dutch Biscuit's] trade dress." The district court did not abuse its discretion. The new artwork depicts one continuous Victorian scene. The size and shape of its tins did not change. It is using a four-pack configuration in the same cardboard container. The likelihood of confusion has not been eliminated.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3